[Department Two—July 3, 1883.]
## C. C. BUTLER, APPELLANT, v. F. B. AUSTIN, RESPONDENT.

ACCOUNTING — TRUST — INTEREST — CONTRACT. — Under a contract to account for and pay moneys held in trust, interest was agreed to be paid at the rate of one and one half per cent per month *after demand.* No demand having been found, it was error to compute interest at that rate.

ID. — No account should be taken of sums received after the filing of the complaint.

ID. — LIMITATION. — The bar of the statute will apply to all items not connected with the trust relations between the parties.

APPEAL from a judgment of the District Court of the Twelfth Judicial District, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*L. Quint, Wilson & Wilson,* for Appellant.

*E. Kirkpatrick,* and *John P. Hoge,* for Respondent.

MYRICK, J. — The plaintiff alleged in his complaint that defendant was indebted to him as a balance for moneys paid out and expended, in the sum of $2,434.32, and asked that an accounting be had. This complaint was filed October 7, 1875. On the 19th of October, 1877, the defendant filed his answer, which set up several matters by way of counter-claim, and alleged that plaintiff was indebted to defendant in large sums of money, for principal and interest. This pleading seems to have been regarded by the parties as a cross-complaint, and was demurred to by the plaintiff. The demurrer was overruled. By stipulation the case was referred to a referee, with instructions to take the testimony and report the same, together with the findings of fact. On the 27th of October, 1879, the referee made his report in which he stated the aggregate amount held in trust by plaintiff for defendant to be $22,960.57, and the aggregate amount paid by plaintiff for account of defendant, $252.71. Judgment was thereupon rendered for defendant and against plaintiff for $22,707.76.

First. The instrument in writing executed by plaintiff to defendant, by the terms of which he was to account for and pay to defendant the moneys therein specified, provided for the payment of interest at the rate of one and a half per cent per month after demand. No demand was found; therefore, it was error to compute interest at that rate.

Second. The cross-complaint was filed October 19, 1877. The report of the referee was filed October 27, 1879. The referee heard evidence of, and charged the plaintiff with amounts received between those dates. This was error, there being no amended or supplemental cross-complaint. The plaintiff was called upon to meet only the transactions occurring prior to October 19, 1877.

Third. The referee allowed to the defendant computations of interest on amounts received by plaintiff after the filing of the cross-complaint. This also was error.

Fourth. It does not appear from the findings that either of the sums paid to Lloyd Baldwin and in satisfaction of the judgment in *Vassault* v. *Austin*, was in any way connected with the relations of trust existing between the parties or the accounts thereof. If not so related they would be barred by the Statute of Limitations.

Fifth. The referee charged the plaintiff with $598 (and interest thereon) received by him in 1879 from the San Francisco and Point Lobos Road Company. There was no pleading to justify this.

Sixth. The referee allowed the defendant, and charged the plaintiff with rents received after the trial.

For these reasons the judgment and order are reversed, and the cause is remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.